UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | ORDER DENYING |
| | ) | MOTION IN LIMINE |
| V. | ) | |
| | ) | |
| ALVIN PETERSON | ) | CASE NO. 2:08-mj-16 |

The United States moved, in limine, for an order admitting prior testimony of Ralph Fries and Robert Billings, in lieu of their appearance at trial.  Defendant opposed the motion, asserting that receipt of that evidence would violate his rights under Crawford v. Washington, 541 U.S. 36 (2004).

Mr. Fries and Mr. Billings testified at a 2004 Trial, United States of America v. Alvin Peterson, 2:04-cr-102 (D.N.D.).  The two charges now pending are similar to those involved in the earlier trial, and the government asserts that both witnesses would testify about their involvement surrounding the same 1973 easement summary which was involved in the earlier trial.  The two witnesses are both retired federal employees, and live in Billings, Montana, and Mandan, North Dakota.

The United States acknowledges that it has power to subpoena both witnesses, and that it can arrange their appearance at trial. It asserts that admission of the prior testimony would "streamline" the trial, and argues that, if the motion is denied, Mr. Peterson should be ordered to pay travel and per diem expenses for both

witnesses.

The United States relies on the residual exception to the hearsay rule, Fed. R. Evid. 807.  It is the government's position that the prior statements have sufficient guarantees of trustworthiness to be admitted.

Mr. Peterson asserts that, under <u>Crawford</u>, reliability of testimonial hearsay is not relevant, and that, at minimum, the government must establish good faith efforts to secure the witnesses' appearance at trial.  <u>Crawford</u> states:

> Where testimonial statements are involved, we do not think the Framers meant to leave the Sixth Amendment's protection to the vagaries of the rules of evidence, much less to amorphous notions of 'reliability.' . . . To be sure, the Clause's ultimate goal is to ensure reliability of evidence, but it is a procedural rather than a substantive guarantee.   It commands, not that evidence be reliable, but that reliability be assessed in a particular manner: by testing in the crucible of cross-examination.

<u>Crawford</u>, 541 U.S. at 61.

Rule 807 allows admission of out-of-court statements not specifically covered by Fed. R. Evid. 803 and 804, **if** 1) the statement is offered as evidence of a material fact, 2) the statement is "more probative on the point for which it is offered **than any other evidence which the proponent can procure through reasonable efforts**, and 3) the purposes of the rules and the interests of justice would be served.  Although both witnesses live some distance from Grand Forks, the government has not established that it has made reasonable efforts to secure their presence at

trial.  Therefore, even in the absence of the Crawford standard, the government has not established that the prior testimony of Mr. Fries and Mr. Billings is admissible.  The government has identified no authority supporting its position that Defendant should be responsible for payment of witness fees and expenses. That request is therefore denied.

The Motion in Limine of the United States is DENIED.

Dated this 7th day of March, 2008.


/s/ Alice R. Senechal
Alice R. Senechal
U.S. Magistrate Judge