```
         UNITED STATES DISTRICT COURT
           DISTRICT OF NORTH DAKOTA
             NORTHEASTERN DIVISION


UNITED STATES OF AMERICA    )    AMENDED MEMORANDUM AND ORDER[1]
                            )
         V.                 )
                            )
ALVIN PETERSON              )       CASE NO. 2:08-mj-16
```

Two matters are pending: a motion of the United States to modify conditions or probation (Doc. 59), and a petition alleging violations of conditions of probation (Doc. 63). This Court held a hearing on the matters on February 11, 2010, and the parties submitted post-hearing briefs. Having considered the evidence and arguments, the motion to modify conditions of probation will be denied, but conditions will be modified because of the violations which are the subject of the petition.

### FACTS

Following a 2008 bench trial, Alvin Peterson was convicted of two misdemeanors, under 16 U.S.C. §§ 668dd(c) & (f)(2), involving improper drainage of wetlands which are subject to a Fish and Wildlife Service (FWS) easement. Following a hearing to determine the amount of restitution, judgment was entered on June 4, 2009. The Judgment ordered that Peterson serve a five year term of

---

[1]This Memorandum and Order is amended only to correct its date. Doc. 83 contained an incorrect date. It should have been dated March 12, 2010.

probation, that he pay a fine of $10,000, that he pay restitution of up to $1,500, and that he pay special assessments of $20. Peterson appealed the convictions to the Chief District Judge, who issued an order affirming the convictions on March 1, 2010 (Doc. 78). Peterson filed notice of appeal to the Court of Appeals on March 5, 2010 (Doc. 79), and that appeal is pending.

The December 23, 2009 petition (Doc. 63) alleges that Peterson violated conditions of probation by failing to pay anything toward the fine, restitution, or special assessments. At the February 11th hearing, Peterson admitted that he had made no payments.

The government's motion to modify conditions of probation (Doc. 59) seeks an increase in the amount of restitution ordered, on grounds that restoration work done in fall 2009 was more costly than FWS had contemplated at the time of the hearing to determine restitution.

This is the second time Peterson has been convicted of draining wetlands subject to a Fish and Wildlife Service easement. In the prior case (2:04-cr-102), he was sentenced to probation, ordered to pay a fine, and ordered to restore the wetlands which he had illegally drained. Peterson did not comply with the restoration condition, and after three petitions and hearings addressing Peterson's failure to comply, this Court entered an Order which authorized FWS to arrange for the wetlands restoration, and which required Peterson to pay the costs of the restoration as

restitution.  (Doc. 108; 2:04-cr-102).

FWS hired a contractor to restore the wetlands, and that work was completed in 2006.  One of the convictions in this case resulted from Peterson removing the "dirt plugs" which FWS's contractor had placed in 2006.  In presenting evidence in support of its request for a restitution order in 2009, the United States relied on the cost of the restoration done in 2006.  At the February 11th hearing, a FWS employee testified that the actual cost of the 2009 restoration had been several times the estimate, because considerably more dirt was required to reconstruct the dirt plugs.  The FWS employee testified that additional excavation had been done between the 2008 trial and the 2009 wetlands restoration. He testified that the breaches in the wetlands had been "U-shaped" prior to trial, but were "V-shaped" when restoration was done, with the upper portion of the breaches being substantially wider than they had been when FWS viewed them prior to the 2008 trial.  The FWS employee testified that the restoration required 514 yards of dirt, and that the total cost was $7274.30.

## MOTION TO MODIFY CONDITIONS OF PROBATION

The government based its motion to modify conditions on Fed. R. Crim. Pro. 32.1, and 18 U.S.C. § 3563(c).  Section 3563(c) allows for modification, including enlargement, of terms of probation at any time prior to expiration of the term, subject to the procedural protections of Rule 32.1.

Peterson asserts that section 3563(c) is not a sufficient legal basis upon which to increase the restitution amount. In support of that position, he relies on 18 U.S.C. § 3664(o)(1), which relates to finality of criminal judgments. Section 3664(o)(1) defines sentences which include an order for restitution as final judgments notwithstanding certain factors. Peterson asserts that because the judgment is final, the restitution cannot be increased. Peterson, however, did not address section 3664(o)(2), which deals with resentencing under 18 U.S.C. §§ 3565 or 3614. Section 3565 allows for resentencing when probation is revoked, and section 3614 allows for resentencing if a defendant has knowingly failed to pay a fine or restitution.

In this Court's opinion, section 3664(o)(2) would allow an increase in the restitution obligation based on a violation of conditions of probation, or based on Peterson's willful failure to pay his fine and restitution. The government, however, does not rely on the violations or the failure to pay in its motion for modification. It relies only on the fact that the cost of restoration was more than had been recognized when its earlier evidence was presented. That fact alone does not appear to support the request to increase restitution. This Court therefore will deny the motion to modify conditions of probation (Doc. 59).

**PETITION ALLEGING VIOLATION OF CONDITIONS**

There is no question Peterson is in violation of conditions of

his probation.  He admitted that he has made no payments toward any of his monetary obligations.

At the hearing, the United States asked that it be authorized to proceed under 18 U.S.C. § 3613A(a)(1), through sale of so much of Peterson's property as is required to satisfy his financial conditions of probation.  In its post-hearing brief, however, the United States asks that an additional $10,000 fine be ordered pursuant to 18 U.S.C. § 3615, and that Peterson be required to complete a financial disclosure statement.  Although this Court has not identified caselaw interpreting section 3615, it appears to define the elements of a separate criminal offense, and to contemplate initiation of a second charge, based on failure to make payments after a conviction.  This Court will therefore not order an increased fine based on that statute.

Peterson's post-hearing brief (Doc. 75) characterizes a sale of property as an "extreme" remedy, and asserts that a "less invasive" remedy should be ordered while the case is on appeal.  At page 5 of that brief, he states, "This is not a situation where the case is complete and Mr. Peterson is adamantly refusing to pay the fine."  Despite the Chief District Judge's denial of his motion for a stay pending appeal (Doc. 53), Peterson asserts:

> Specifically, Mr. Peterson has not 'willfully' failed to pay the fine.  Rather, instead of blatantly refusing to pay, Mr. Peterson has only refused to pay while his rights are litigated on appeal, which is consistent with Rule 38 guidance that fines and restoration work should generally be stayed upon appeal.

(Doc. 75 at 19). At page 20, Peterson states, "[T]here was no such ill intent, as Mr. Peterson was simply waiting for his rights to be litigated on appeal before he paid the fine." These statements demonstrate Peterson's continuing defiance of the authority of the Court. Rule 38 does not, as he suggests, provide that fines and restoration should "generally be stayed on appeal." More importantly, Peterson's request for a stay pursuant to Rule 38 was denied, in an order which found he had "a slim chance" of prevailing on the merits of his appeal (Doc. 53).

Peterson's brief (Doc. 75) includes statements of counsel, not supported by any evidence offered at the hearing, that his land is being forced to impound water because of decisions made by both upstream and downstream landowners. He appears to assert that his frustrations should somehow mitigate his failure to follow court orders. This Court does not agree.

Peterson's refusal to pay the monetary penalties, like his conduct that led to the convictions, is willful, defiant, and demonstrative of his disrespect for the court system. He disagrees with the Court's decisions and has chosen to defy them. There are no mitigating factors.

Under 18 U.S.C. § 3613A(a)(1):

> Upon a finding that the defendant is in default on a payment of a fine or restitution, the court may, pursuant to section 3565, revoke probation or a term of supervised release, modify the terms or conditions of probation or a term of supervised release, resentence a defendant pursuant to section 3614, hold the defendant in contempt

>of court, enter a restraining order or injunction, order the sale of property of the defendant, accept a performance bond, enter or adjust a payment schedule, or take any other action necessary to obtain compliance with the order of a fine or restitution.

That statute further provides that a court, in determining what action to take, is to consider a defendants's financial situation, a defendant's willfulness in failure to pay, "and any other circumstances that may have a bearing on the defendant's ability or failure to comply with the order of a fine or restitution.

This Court, considering the factors required by section 3613A(a)(2), determines that the most appropriate sanction is to order sale of Peterson's property. The maximum fine has already been ordered. While payment of additional restitution could be ordered, there is no reason to think that Peterson is any more likely to make the required payments if the amount is increased. Peterson could be found in contempt, or his probation could be revoked and he could be ordered to serve jail time. The government has maintained that imprisonment is not appropriate for Peterson, and this Court is reluctant to order imprisonment because of Peterson's age and health concerns. The most appropriate sanction is sale of his property.

**ORDER**

The Motion to Modify Conditions of Probation (Doc. 59) is **DENIED**.

This Court finds that the Unites States proved the allegations

of the Petition alleging violations of conditions of probation (Doc 63). This Court further finds, pursuant to 18 U.S.C. §3513A, that Alvin Peterson is in default on a payment of a fine and restitution, and orders the sale of Peterson's property to satisfy the monetary obligations ordered in the Judgment of June 4, 2009, together with interest accrued through the date of sale of the property.

Dated this 19th day of March, 2010.

>                             /s/ Alice R. Senechal
>                             Alice R. Senechal
>                             U.S. Magistrate Judge[2]

---

[2] The Court notes that Peterson's post-hearing brief did not consistently use the correct title of Magistrate Judge.